UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8-18-cv-02954

**TRACI STALEY,** and all others similarly
situated under 29 U.S.C 206(B),

      Plaintiff,

v.

**SAKI AT PALM HARBOR, INC.**,
a Florida Corporation,
**JIE LIN**, individually

      Defendants.
_____/

## AMENDED COMPLAINT[1]

Plaintiff, Traci Staley ("Staley"), on behalf of herself, and others similarly situated, under the provisions of the Fair Labor Standard Act ("FLSA") of 1938, as amended, 29 U.S.C. § 216(b), files this Complaint against Defendants, Saki at Palm Harbor, Inc ("Saki at Palm Harbor") d/b/a Saki Endless Sushi and Jie Lin ("Lin"), and alleges, as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(4), because these claims seek redress for violations of Plaintiff's federal civil and statutory rights.

2. At all material times, Saki at Palm Harbor is, and was, a Florida corporation, authorized to conduct and conducting business in Osceola County, Florida.

---

[1] The complaint is being amended because the wrong complaint was uploaded in opening the case. The correct complaint is being filed to reflect the correct parties in the case.

3. At all material times, Lin is *sui juris* and a resident of Hillsborough County, Florida.

4. At all material times, Staley, is *sui juris* and a resident of Hillsborough County, Florida.

5. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) as a substantial part of the events or omissions giving rise to the claims that occurred in this judicial district.

6. This action is brought by Plaintiff to recover from the Employer unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs and reasonable attorney's fees pursuant to the FLSA, §§ 206, 207.

7. Upon information and belief, the annual gross revenue of Saki at Palm Harbor was at all times material hereto in excess of $500,000.00 per annum.

8. At all material times hereto, Saki at Palm Harbor was and continues to be an enterprise engaged in interstate commerce.

9. At all material times hereto, Saki at Palm Harbor operated as an organization which purchased equipment and products manufactured outside the state of Florida; provided services to or sold, marketed, or handled goods and materials to customers throughout the United States; provided services for goods sold and transported from across state lines; obtained, solicited, and accepted funds from sources outside the state of Florida; used telephonic transmissions traversing state lines in the ordinary course of business; transmitted funds outside the state of Florida; and otherwise regularly engaged in interstate commerce.

10. As a result of the services provided by Saki at Palm Harbor, two or more of its employees regularly handled and worked with goods and materials moved in or produced in interstate commerce.

11. By reason of the foregoing, Saki at Palm Harbor is and was, during all times material hereto, an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(r)-(s), and Plaintiff is within interstate commerce.

12. Plaintiff and those similarly situated employees regularly utilized and handled materials, equipment and goods manufactured and purchased from outside the state of Florida and regularly used the instrumentalities of interstate commerce in their world.

13. Upon information and belief, Lin is an officer/director of Saki at Palm Harbor and has economic and day-to-day control of Saki at Palm Harbor, and of the nature and structure of Plaintiff's employment relationship with Saki at Palm Harbor, and is therefore an employer as defined by 29 U.S.C., Section 203 (d).

## GENERAL ALLEGATIONS

14. Upon information and belief, Employer employed Plaintiff from approximately October, 2014 through August, 2018 ("the relevant time period").

15. During the relevant time period, Plaintiff was employed as a non-exempt server operator earning an average of 5.23 per hour.

16. At all material times, Saki at Palm Harbor's gross annual revenues were in excess of $500,00.00.

17. Upon information and belief, Lin is an officer/director of Saki at Palm Harbor and has economic control of Saki at Palm Harbor, and of the nature and structure of Plaintiff's employment relationship with Saki at Palm Harbor.

18. Throughout her employment, Staley was directed by Saki At Palm Harbor's manager, "Feng", to hand her the tips she earned during the work day.

3

19. Eventually, however, Staley figured out that Saki At Palm Harbor's manager, "Feng", was keeping the full amount of the tips she earned, but giving her back only a small portion of it. Staley reported the unlawful wage theft to her manager, "Feng". Notwithstanding, to date, Saki At Palm Harbor has failed/refused to pay Staley her rightfully earned wages

20. Saki at Palm Harbor and Lin willfully and intentionally failed/refused to pay to Plaintiff her tips required minimum by the FLSA.

21. Saki at Palm Harbor and Lin knew of the tip requirements of the FLSA and willfully/intentionally/recklessly failed to investigate whether their payroll practices were in accordance with the FLSA.

22. As a result, Plaintiff has suffered damages and is entitled to receive her tips pursuant to the FLSA.

23. Plaintiff has complied with all conditions precedent to filing this action.

24. Plaintiff had retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

**PRE-SUIT DEMAND**

25. On September 12, 2018, Plaintiff through his undersigned counsel, sent to Saki at Palm Harbor a written pre-suit demand regarding the violations of the tipping provisions of the FLSA, and requesting Employer pay the amounts owed to Plaintiff, but Saki at Palm Harbor failed/refused to do so ("Demand").

**COUNT I**
**VIOLATIONS OF FLSA ANTI-TIP RETENTION**
**PROVISION OF 29 USC § 203(m) AGAINST**
**SAKI AT PALM HARBOR, INC.**

26. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-five (25) above.

27. The FLSA expressly prohibits employers, managers, and supervisors from keeping any portion of tips received by employees for any purpose, regardless of whether the employer takes a tip credit. *See* 29 U.S.C. § 203(m).

28. Saki knew of and showed reckless disregard for the provisions of the FLSA because Saki knew or should have known that Saki was not allowed to take any portion of Plaintiff's tips.

29. Saki willfully and intentionally retained Plaintiff's and those similarly-situated employees' tips.

30. Saki did not have a reasonable objective belief that it was allowed to retain Plaintiff's tips.

31. As a result, Plaintiff has been damaged and is entitled to be compensated for her loss.

## VIOLATIONS OF FLSA ANTI-TIP RETENTION PROVISION OF 29 USC § 203(m) AGAINST JIE LIN

32. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-five (25) above.

33. The FLSA expressly prohibits employers, managers, and supervisors from keeping any portion of tips received by employees for any purpose, regardless of whether the employer takes a tip credit. *See* 29 U.S.C. § 203(m).

34. Lin knew of and showed reckless disregard for the provisions of the FLSA because Lin knew or should have known that Lin was not allowed to take any portion of Plaintiff's tips.

35. Lin willfully and intentionally retained Plaintiff's and those similarly-situated employees' tips.

36. Lin did not have a reasonable objective belief that it was allowed to retain Plaintiff's tips.

5

37. As a result, Plaintiff has been damaged and is entitled to be compensated for her loss.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

38. Plaintiff hereby demands a jury trial of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Traci Staley, respectfully requests that judgment be entered in her favor against Defendants, Saki at Palm Harbor and Lin, as follows:

(a) Declaring pursuant to 29 U.S.C. § 206(a), 28 U.S.C §2201 and §2202, that the acts and practices of the Defendants complained of herein are in violation of the minimum wage provisions of the FLSA;

(b) Permanently enjoining the Defendants, their agents, officers and employees from engaging in all practices found by this court to be in violation of the minimum wage provisions of the FLSA;

(c) Awarding Plaintiff damages against Defendants, for lost and withheld compensation for all amount of the tips she earned, but for which she was not compensated at the required minimum rate;

(d) Awarding Plaintiff liquidated damages;

(e) Awarding Plaintiff reasonable attorney's fees, costs, interest, and expenses of this litigation pursuant to 29 U.S.C. §216(b);

(f) Ordering any other further relief that this Court may deem just and proper.

Respectfully submitted this 10th day of December, 2018.

By: /s/  Monica Espino
Monica Espino, Esq.
Florida Bar No. 834491
Espino Law
2655 S. Le Jeune Road
Suite 802
Coral Gables, FL 33134
Tel.: 305.704.3172
Fax: 305.722.7378
Email: me@espino-law.com
Secondary: legal@espino-law.com
*Counsel for Plaintiff*